UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GETMOR ENTERPRISES, LLC,

    Plaintiff,

  v.                                                                                         Case No. 12-C-633

BROWN COUNTY,

    Defendant and Third-Party Plaintiff,

  v.

FREDERICK J. MOHR, LLC and
M3 INSURANCE SOLUTIONS, INC.

    Third-Party Defendants.

## DECISION AND ORDER

On August 7 the parties appeared for a hearing on the third-party defendants' motions. Frederick J. Mohr, LLC seeks summary judgment because Brown County failed to name an expert witness to support its legal malpractice claim against Mohr. M3 Insurance Solutions seeks a declaratory judgment that an indemnification clause contained in its consulting agreement with Brown County meant that the County was obliged to indemnify M3 and hold it harmless. For the reasons given below, Mohr's motion will be granted and M3's denied.

**I. Background**

Throughout 2011, Plaintiff GetMOR Enterprises was engaged in a lengthy negotiation to supply Brown County with a new and complex employee benefits system. According to the complaint, Brown County's HR director, Debbie Klarkowski, repeatedly led GetMOR to believe

that the parties had agreed on all the essential terms of a contract. GetMOR invested a great deal of work to design the system and tailor it to Brown County's needs, and although a contract had not been signed, GetMOR repeatedly relied on Klarkowski's assurances that Brown County would be purchasing the system. However, when Brown County's purchasing department became involved, it soon became clear that Klarkowski had not been on the same page as the purchasing department, whose assent was required. GetMOR ultimately submitted a bid for the contract, but Brown County rejected it and refused to pay.

Presently at issue are not GetMOR's claims against Brown County, but Brown County's third-party claims against Mohr and M3 Insurance Solutions. At the time, Frederick Mohr was an independent contractor attorney advising the County on labor issues. Although it is difficult to discern from its third-party complaint, Brown County alleges that Mohr committed legal malpractice or otherwise breached his fiduciary duties to Brown County by telling Klarkowski that she had the authority to bind Brown County to an agreement with GetMOR. (Brown County of course denies that it is bound to a contract; its claims against Mohr and M3 only apply in the event this court or a jury disagrees.) The County also alleges that M3, an insurance broker hired to advise the County, improperly participated in Brown County's negotiations with GetMOR. The allegations are unclear, but Brown County seems to be alleging that Mohr and M3 played a role in causing Klarkowski to improperly suggest to GetMOR that a contract would be forthcoming. The third-party complaint summarizes the allegations as follows:

> In the event that GetMOR succeeds under its Breach of Contract or Implied Contract Claims against the County, the Third-Party Defendants, Mohr and M3, are liable for all or part of the damages, if any, for acting on behalf of the County, misrepresenting themselves as having the authority to act on behalf of the County, or negligently advising Debbie Klarkowski to act on behalf of the County in a manner that

2

> contradicts governing County policy and/or codes, in breach of the fiduciary duty
> and/or the duty to act with ordinary care owed to the County in carrying out their
> services as independent contractors thereof.

(ECF No. ¶ 20.)

**II. Analysis**

**A. Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). All reasonable inferences are drawn in favor of the nonmoving party. *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir.2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.,* 694 F.3d 919, 922 (7th Cir.2012) (internal quotations omitted).

**B. Mohr's Motion**

Mohr bases his motion on the fact that Brown County has failed to name an expert witness. He argues that the County's third-party complaint against him is suggestive of malpractice (though the complaint itself eschews that term), and a legal malpractice claim generally requires a plaintiff to show, through expert testimony, what the proper standard of care would have been. *Cook v.*

3

*Continental Cas. Co.,* 180 Wis.2d 237, 246, 509 N.W.2d 100 (Wis. Ct. App. 1993) (Whether the attorney breached the applicable standard of care to the client "is a question of fact to be determined through expert testimony and usually cannot be decided as a matter of law.") (citing *Gelsomino v. Gorov,* 502 N.E.2d 264, 267 (Ill. App. Ct. 1986)).

Brown County responds by saying it really isn't alleging malpractice so much as simple negligence. Mohr knew the County's policies and regulations and should not have advised Klarkowski that she had the authority to enter into a contract with GetMOR. His improper advice was a violation of his fiduciary and ordinary duties of care to the County. And if it is, in fact, legal malpractice, then it is the sort that is so clear that expert testimony would not be required.

At the hearing I questioned the underlying basis for the County's claim against Mohr because it was not clear from the complaint what, if anything, Mohr actually did or said. The reason the underlying claim is important is that a court cannot determine whether expert testimony would be required to prove a claim if that court has no idea what the claim actually *is.* Given that it has been nearly a year since the third-party complaint was filed, it appeared unusual that neither the court nor Mohr himself had ever been apprised of the actual nature of the allegation against him.

I now conclude that the absence of any concrete indication of Mohr's culpability is fatal to the third-party claim Brown County filed against him. Along with its motion for summary judgment, Mohr filed an affidavit indicating that his involvement with Klarkowski was quite limited. "At the March 29, 2011 meeting, I advised Debbie Klarkowski, in the presence of GetMOR, that we would have to get County Board approval of a contract. I had on several occasions instructed Debbie on this issue. That is the extent of my direct involvement. After the meeting in March 2011, I never had direct contact with GetMOR and had no involvement in any

4

negotiations." (ECF No. 35 ¶ 18.) He has also attached to his affidavit two emails in which he advised Klarkowski about the bidding process. At the hearing, it was noted that Mohr's statement stands uncontradicted. That is, there is no evidence even suggesting that he advised Klarkowski that she could enter into a contract by herself; nor is there evidence linking Mohr to any direct communications with GetMOR. Given Mohr's affidavit, the dearth of evidence against him means that there is no genuine issue of material fact that would justify delaying entry of judgment in his favor.

Even if Brown County had some factual support for its allegations, it would need an expert witness to establish his liability. Expert testimony is the norm in a legal malpractice case, and no matter how Brown County describes its claim it is one alleging that Mohr gave erroneous advice about the law. Thus, the only reasonable conclusion is that an expert would, in fact, be required to testify as to the standard of care. Although in some cases the breach of the standard of care would be so obvious that a lay jury could find negligence on its own, Brown County has not established that this is one of those cases. Instead, its claim involves issues of agency and authority—matters that are not so abundantly clear that a lay jury could find liability without the aid of an expert.

In sum, Brown County has failed to put forth any evidence linking Mohr to any conduct that could give rise to liability. Even if it had, its failure to name an expert witness means it would be unable to prove its negligence case. Accordingly, I conclude that Mohr is entitled to summary judgment.

**C. M3's Motion**

M3 Insurance Services bases its declaratory judgment motion on the existence of an indemnification clause contained within the consulting agreement it signed with Brown County.

5

The agreement provides that Brown County "shall defend, indemnify and hold-harmless M3 from and against all claims, liability, losses, damages and expenses (including attorney's fees and Court costs) arising from or in connection with the use or application of M3's work by Customer." (ECF No. 40-1 at § 7.8). M3 seeks a declaration that Brown County's third-party complaint is a "claim" against M3 covered by the indemnification clause.

There are a number of problems with this argument, not least of which is that at first blush M3 seems to be suggesting that it would never have any liability to Brown County at all. In its view, Brown County could successfully sue M3, but then M3 could invoke the indemnification clause (as it's doing here) and require Brown County to indemnify it for the very same damages Brown County won in its lawsuit. But that would be an unusually circuitous way of contracting away liability. In fact, the consulting agreement clearly envisions *some* liability to Brown County because Sections 6.1 and 6.2 create a one-year time period for filing claims against M3 and limit Brown County's remedies to fees paid. (*Id.*) Thus, given that the agreement itself contemplates lawsuits between the two parties, it would make little sense to construe the indemnification clause as indemnifying M3 for lawsuits filed by Brown County itself. Instead, such clauses generally only require indemnification if the indemnitee is sued by someone else. The term "indemnify" generally means "[t]o reimburse (another) for a loss suffered because of a third party's or one's own act or default." BLACK'S LAW DICTIONARY 784 (8th ed. 2004).

Recognizing this, M3 clarifies that it is only seeking to apply the indemnification clause for liability arising out of Brown County's own acts. "As the indemnitor, Brown County is required to indemnify M3 from any liability resulting from Brown County's breach of contract with GetMOR." (ECF No. 39 at 5.) That is, if Brown County is liable for breach of contract with

6

GetMOR, then it must indemnify M3 for any liability M3 would face for that action. But of course the only liability M3 would face is *not* liability to GetMOR (which has not sued M3), but liability to Brown County arising out of the indemnification agreement. It thus seeks indemnification resulting from any of Brown County's actions that gave rise to Brown County's own liability. But again, the result is the same: M3 wants to be indemnified by Brown County for any claim Brown County might have against M3. Distilled to its essence, M3 is attempting to use the indemnity clause to bar liability between the parties, and that is not a reasonable interpretation of the clause. *Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 200 (2d Cir. 2003) ("Paragraph 7(a) of the Engagement Letter requires Hollander to indemnify OGSI for any claims, liabilities, or damages resulting from OGSI's services, unless caused by OGSI's gross negligence or willful misconduct. We read this section as referring only to third-party claims against OGSI.")

In addition, the indemnification clause, by its own terms, would not apply here. The clause operates to hold M3 harmless for damages "arising from or in connection with the use or application of M3's work by" Brown County. If M3 should ultimately be liable for any damages stemming from Brown County's counterclaim, those damages would not arise from Brown County's use of M3's work. Here, the claim (such as it is) alleges that M3 misrepresented its authority to GetMOR or somehow wrongly advised Klarkowski about her authority. Thus, even if an indemnification clause could theoretically apply, this clause is not triggered by the third-party complaint.

From the evidence that has been presented thus far, it seems likely that Brown County's claim against M3 is ephemeral. But I am unable to conclude that the indemnification clause operates in the fashion M3 suggests. Accordingly, its motion for declaratory relief will be denied.

7

### III. Conclusion

Mohr's motion for summary judgment [33] is **GRANTED**, and the County's third-party claims against him are **DISMISSED**.  M3's motion for declaratory relief [38] is **DENIED**.  Brown County's motion for an extension of time [49] is **GRANTED**.  The clerk will contact the parties to arrange a telephone conference to schedule the remainder of this action.

**SO ORDERED** this   12th   day of August, 2013.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court